IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,        Case No. 3:09-MJ-128

    vs.

DAVID ZOBEL

                Defendant.
_____
**ENTRY AND ORDER REVOKING MAGISTRATE'S DETENTION ORDER AND
ORDERING DEFENDANT'S DETENTION**
_____

       This matter comes before the Court pursuant to the United States' Motion to Revoke Magistrate's Bond Order (Doc. #3) filed with the Court June 16, 2009.

       On June 12, 2009 a criminal complaint was filed against Defendant David Jeremy Zobel alleging that Defendant traveled from Michigan to Ohio with the intent to engage in illicit sexual conduct with two minors in Ohio in violation of 18 U.S.C. §2423(b). Defendant was arrested pursuant to this complaint and appeared before Magistrate Judge R. Steven Whalen of the Eastern District of Michigan for initial appearance and detention hearing. Magistrate Whalen released the Defendant on a $10,000 unsecured appearance bond with conditions. That court stayed its ruling permitting the United States to appeal. The United States filed this Motion requesting a revocation of the Magistrate's Detention Order and a further stay of that Order until the resolution of this Motion. This Court on June 16, 2009 ordered the Magistrate's bond order further stayed until this Motion is ruled upon. This Court conducted a hearing upon said Motion June 19, 2009 taking the matter under advisement.

       Pursuant to 18 U.S.C. §3145 (A)(1), if a person is ordered released by a Magistrate, the attorney for the government may file, with the court having original jurisdiction over the offense, a Motion for revocation of the order or amendment for conditions of release. Since these charges are pending in the Southern District of Ohio, this Court has jurisdiction over this Motion.

This Court has conducted a de novo review of the facts properly before it on said Motion to determine whether any condition or combination of conditions set forth in 18 U.S.C. §3142(c) would reasonably assure the appearance of the Defendant as required in this case and the safety of the community. In this matter, subject to rebuttal by Defendant, it is presumed that no condition or combination of conditions will reasonably assure the Defendant's appearance or the safety of the community since there "is a probable cause to believe that defendant committed an offense involving a minor victim under section . . . . 2423" of Title 18. 18 U.S.C. §3142 (e)(3)(E).

Here, the Magistrate of this Court issued an arrest warrant for Defendant, finding probable cause, triggering the presumption. The Court would agree that the evidence before the Court, including the affidavit in support of the complaint, would demonstrate Defendant cannot overcome the presumption.

Considering the reports of the Pretrial Services, the presumption of detainability arising from the nature of the offense and the probable cause determination, this Court finds by clear and convincing evidence that no conditions or combinations of conditions set forth in 18 U.S.C. §3142(c) would reasonably assure the appearance of the Defendant as required and the safety of the community.

The term "safety of the community" refers to the community's security from criminal conduct by the Defendant, whether violent or not. *United States v. Redd*, Case No. CR 3-00-92 (S.D. Ohio January 22, 2001), citing *United States v. Ramsey* 110 F. 3d 65, 1977 WL 135443 (6th Cir. March 24, 1997) (unpublished) (when considering the "safety of the community" in the context of pretrial release, "the court looks to more than whether the defendant has been guilty of physical violence"); *United States v. Vance* 851 F. 2d 166, 169 (6th Cir. 1988) (recognizing that community safety concerns focus on not only the safety of particular individuals, but also on the safety of the community as a whole).

Accordingly, it is hereby ORDERED that:

1) the bond order issued by Magistrate Whalen in the Eastern District of Michigan is revoked;

2) that Defendant be detained in the custody of the Attorney General of the United States for confinement in a correctional facility separate and apart to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3) the Defendant be afforded reasonable opportunity for private consultation with counsel; and

4) on order of a court of the United States or on request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED in Dayton, Ohio this 26th day of June, 2009.

        \*S/THOMAS M. ROSE

        _____
        THOMAS M. ROSE, JUDGE
        UNITED STATES DISTRICT COURT